## Case No. 3,327.

### CRAIG v. BROWN.

[Pet. C. C. 171.][1]

Circuit Court, D. Pennsylvania. Oct. Term, 1815.

ACTION ON BILL OF EXCHANGE—STRIKING OUT INDORSEMENT—NOTICE.

The bill was drawn by the defendant at New Orleans, on Philadelphia, in favour of the plaintiff, and was by him indorsed, in full, to a third person, and had been regularly protested for non-acceptance and non-payment; but no notice of the dishonour of the bill was proved to have been given to the drawer. The indorsement being in full, cannot be struck out at the time of trial. The want of notice prevents a recovery by the plaintiff.

Action on a bill of exchange, drawn by the defendant [Elijah Brown] at New Orleans, on James Brown and Co. of Philadelphia, dated in July, 1807.

The bill was drawn in favour of Lewis Craig, Esq., and indorsed in full, by Lewis Craig, Junior, but they were proved to be the same person. The bill was regularly protested for non-acceptance, and non-payment. No proof of notice being given, the defendant moved for a nonsuit, on that ground; and because the bill has an indorsement on it, and no proof that the plaintiff had paid the amount to the indorser, or had in any other way become entitled to the bill. As to the second objection, WASHINGTON, Circuit Justice, asked if the plaintiff might not now strike out the indorsement. possession of the bill being prima facie evidence, that the plaintiff had paid the indorser? J. R. Ingersoll and Chauncey, for the defendant, answered; that if the bill had been indorsed in blank, this might have been done, but not where the indorsement is in full, and cited [Gorgerat v. McCarty] 2 Dall. [2 U. S.] 144; [Steinmetz v. Currey] 1 Dall. [1 U. S.] 234.

[For a prior nonsuit, see Case No. 3,326.]

Shoemaker, for plaintiff.

J. R. Ingersoll and Chauncey, for defendant.

[See, also, the discharge of a rule to show cause why defendant should not be discharged on common bail. Case No. 3,328.]

[1] [Reported by Richard Peters, Jr., Esq.]

6FED.CAS.—46

## Case No. 3,328.

### CRAIG v. BROWN.

[Pet. C. C. 352.][1]

Circuit Court, D. Pennsylvania. Oct. Term, 1816.

EVIDENCE—LEGISLATIVE AND JUDICIAL PROCEEDINGS—AUTHENTICATION—DISCHARGE ON COMMON BAIL.

1. Form of authenticating the legislative and judicial proceedings of one state, in order to their admission in evidence in other states.

[Cited in U. S. v. Wilson, Case No. 16,730; Bennett v. Bennett, Id. 1,318.]

2. The certificate of the presiding judge of the court of the state of Louisiana, stating that the person whose name is signed to the attestation of a record, is clerk of the court, and that the signature is his own hand writing, is not in conformity with the provisions of the act of congress of 1790 [1 Stat. 122].

[Cited in Taylor v. Carpenter, Case No. 13,785; Trigg v. Conway, Id. 14,172.]

3. A printed pamphlet containing the law of the state of Louisiana, is not admissible in evidence.

4. The attestation of a record of the proceedings of a court, according to the provisions of the act of congress, must be in conformity with the form used in the state from whence the record comes, and the only evidence of this fact is the certificate of the presiding judge of that court.

[Cited in U. S. v. Wilson, Case No. 16,730.]

5. Evidence on which the court will discharge on common bail, ought not to be of a doubtful nature.

[Cited in Parkhurst v. Kinsman, Case No. 10,761.]

Rule to show cause why the defendant [Elijah Brown] should not be discharged on common bail, on the ground of the defendant having been discharged from all his debts under the insolvent law of the state of Louisiana, formerly the territory of Orleans.

The plaintiff [Lewis Craig] showed cause by producing a positive affidavit of the debt, and in answer to the ground of discharge alleged by the defendant, he objected: First, that the law of Orleans, under which these proceedings took place, and the record of the court which granted the discharge, are not properly authenticated. Second, that if they were properly authenticated, still a discharge under an insolvent law in one state, is not a ground of discharge in any other state.

WASHINGTON, Circuit Justice. The objections to the record being offered in evidence, are, that the seal of the court is not affixed to it, nor is it certified by the judge, that the record is authenticated in due form.

The act of congress of the 26th of May, 1790 [1 Stat. 122],—2 Laws [Bior. & D.] 102,—declares that the records and judicial proceedings of the courts of any state, shall be proved or admitted in any other court within the United States by the attestation of the clerk and the seal of the court annexed, if there be a seal, together with a certificate of the judge, &c. that the said attesta-

[1] [Reported by Richard Peters, Jr., Esq.]

tion is in due form. As to the mode of authenticating the legislative acts of the several states, the same law declares, that it shall be by affixing thereto the seal of the respective states.

The record offered in evidence in this case, has the signature of the clerk, with the seal of the late territory of New Orleans, affixed, the clerk certifying, that no seal has yet been provided for the state, and the certificate of the presiding judge of the court states, that the person whose name is signed to the attestation, is clerk of the said court, and that the signature is in his own proper hand writing. As to the law of the territory, it is printed in a small pamphlet, in the French and English languages, but has no seal whatever affixed. It is objected to this evidence, first, that it has not the seal of the court; and secondly, that it is not certified as the law directs.

First. Whenever the court whose record is certified has no seal, this fact should appear, either in the certificate of the clerk, or in that of the judge. In this case the seal affixed is stated to be that of the late territory of Orleans, not of the court; and it is further stated that no seal has been provided for the state. But from the impression of the seal, it would seem that it had belonged to the court before the territory was erected into a state; in which case it might well continue to be the seal of the court, under the new form of government, although no new provision for that purpose had been made. There are strong reasons for believing that the circumstance which has given rise to this objection, has proceeded from an inaccuracy of expression in the clerk, and I shall therefore proceed to examine the other objection without giving any decided opinion as to the sufficiency of this.

Second. In answer to this objection it is contended, that the attestation of the clerk appears upon the face of it to be in due form, and that the certificate of the judge, though it does not expressly state it to be so, contains what amounts to such an allegation, and is therefore a substantial compliance with law. I cannot accede to this argument. Each state has a form of its own for authenticating records, prescribed either by positive law, or by practice; and to make those records evidence in the other states, congress has thought proper to declare, that the attestation must be, not according to the form used in the state where it is offered, or to any other form generally observed, but to that of the state or of the court from whence the record comes; and the only evidence of this fact, is the certificate of the presiding judge of that court. I infer that the form intended by the law is that which I have stated, from the circumstance, that congress has prescribed none, and it is not to be supposed that the judge who gives the certificate, should be acquainted with any other form than that of his own state or court.

But it is contended, that although this certificate should be too informal to entitle the record to be given in evidence, upon the trial of the cause, it is nevertheless sufficient upon a question of bail. The answer to this is, that the record in question is not evidence for any purpose, because it is not so authenticated as to entitle it to credit. It is in fact no more than a paper having the signature of a person who stiles himself clerk of the court, but who is not shown by the certificate to be so, inasmuch as it states a fact which the law does not authorise or require the judge to certify; and therefore it is the same thing as if the certificate had been omitted altogether.

As to the law of the territory of Orleans, upon which these proceedings have been founded, it is equally inadmissible; not being authenticated under the seal of the state of Louisiana, as the act of congress requires.

Evidence, on which the court will discharge on common bail, ought not to be of a doubtful nature; since the plaintiff may lose his debt altogether, if it should turn out that he was entitled to demand special bail. A mistake made on the other side may be productive of inconvenience to the defendant, but the consequence will be less serious.

Rule discharged.

[NOTE. For dismissal of the action, see Case No. 3,330.]